IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:25cr87-MHT |
| | ) | (WO) |
| CLARENCE WHITE | ) | |

ORDER

Before the court is defendant Clarence White's motion to continue his trial. For the reasons below, the court finds that jury selection and trial, now set for November 17, 2025, should be continued to December 15, 2025, pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or

>     from the date the defendant has appeared
>     before a judicial officer of the court in
>     which such charge is pending, whichever date
>     last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period "[a]ny period of delay ... resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," § 3161(h)(1)(D), and "[a]ny period of delay resulting from a continuance granted ... on the basis of ... findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for

2

effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and White in a speedy trial. White's counsel represented, in the on-the-record status conference on November 5, 2025, the following reasons as to why she needs a continuance in order to engage in plea negotiations: (1) that White does not recall certain convictions listed in his criminal history record; (2) that White disputes that he was the person responsible for a particular conviction in his criminal history record from Orlando, Florida; (3) that the potential discrepancy in White's criminal record would affect his Sentencing Guidelines range and thus factor into his decision to enter into a plea agreement or continue to trial; (4) that this issue needs to be resolved so that his counsel can properly advise him on

3

his options in plea negotiations; and (5) that, to do so, White's counsel needs additional time to secure and investigate records from Orlando, Florida to determine whether White was the individual responsible for that particular conviction.  There is no indication that defense counsel has failed to exercise due diligence. A continuance is warranted to ensure that counsel for White has the reasonable time necessary to investigate the defendant's criminal history so she can knowledgeably advise him how best to proceed, to engage in plea negotiations, and, if necessary, to prepare for trial.\*  Moreover, the government does not oppose a continuance.

***

---

\*   The court notes that one of the reasons stated in White's motion to continue--that counsel needs additional time to go over video discovery with White--is no longer relevant because, as his counsel represented to the court in said hearing, she has now reviewed the video discovery with White.

4

Accordingly, it is ORDERED as follows:

(1) Defendant Clarence White's motion to continue trial (Doc. 16) is granted.

(2) The jury selection and trial, now set for November 17, 2025, are reset for December 15, 2025, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse, Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset the deadline for change of plea and any other appropriate pretrial deadlines.

DONE, this the 6th day of November, 2025.

                                                  /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE